IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ALMA RIVERA ALEGRIA, | * | |
| Plaintiff, | * | |
| v. | * | CV 125-087 |
| TEXTRON SPECIALIZED VEHICLES, | * | |
| Defendant. | * | |

# O R D E R

Presently pending before the Court is Defendant's motion to dismiss.  (Doc. 7.)  For the following reasons, Defendant's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Alma Rivera Alegria worked for Defendant from October 2020 until December 2022.  (Doc. 1, at 11.)  She filed suit against Defendant on April 11, 2025, alleging employment discrimination under Title VII of the Civil Rights Act of 1964 and seeking $1,000,000.00 for "physical and psychological damages."  (Id. at 1, 3, 6.)  She obtained a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") on January 21, 2025 and timely filed her complaint within 90 days.  (Id. at 7.)  Plaintiff asserts that in September and November 2022, Defendant

engaged in discriminatory conduct, including unequal terms and conditions of her employment, and retaliation, based on her race and national origin. (Id. at 4.) The complaint states Plaintiff was transferred to an "undesirable heavy-labor shift" by her regional supervisor on September 20, 2022, where she was "subjected to hostile work environment." (Id. at 5.) Plaintiff alleges she was "picked on by [her] coworkers for not speaking English" and "asked to stay behind and clean the work station of [her] coworkers when everyone else was allowed to leave." (Id.) She did not discuss these events with her supervisor due to a language barrier. (Id. at 11.) Further, Plaintiff's November 2022 request to transfer elsewhere was denied. (Id.) Plaintiff states she suffered anxiety, depression, a lack of appetite, inability to sleep, and a permanent collapse of her uterus because of her work. (Id. at 6.) On December 30, 2022, Plaintiff resigned from her job with Defendant. (Id. at 11.)

On July 28, 2025, Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff failed to state a claim upon which relief can be granted. (Doc. 7, at 1.) Plaintiff did not respond to the motion to dismiss. Therefore, under Local Rule 7.5, the motion is considered unopposed. Nevertheless, the Court will review Defendant's arguments to affirm the legal basis.

2

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the – defendant – unlawfully – harmed - me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-80. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual

3

allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

## III. DISCUSSION

The Court considers each of Plaintiff's claims in detail.

### A. Discrimination Claim Under Title VII

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

"The plaintiff bears the initial burden of establishing a prima facie case of discrimination by showing (1) that she belongs to a protected class, (2) that she was subjected to an adverse employment action, (3) that she was qualified to perform the job in question, and (4) that her employer treated 'similarly situated' employees outside her class more favorably." Lewis v. City of Union City, 918 F.3d 1213, 1220-21 (11th Cir. 2019). However, "plaintiffs are not required to set out a prima facie case in a complaint because the prima facie case is an 'evidentiary standard, not a pleading requirement.'" McCullough v. Bd. of Regents, 623 F. App'x 980, 982-83 (11th Cir. 2015) (quoting Swierkiewicz v.

4

Sorema N.A., 534 U.S. 506, 510 (2002)). While "a plaintiff need not plead a prima facie case to survive dismissal, the complaint must satisfy Iqbal's 'plausible on its face' standard, and the allegations must be sufficient to 'raise a right to relief above the speculative level' under Twombly." Id. at 983 (citations omitted). Thus, "a plaintiff need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case," but "the allegations must provide enough factual matter (taken as true) to suggest intentional race discrimination." Graham v. Glynn Cnty. Sch., No. 2:23-CV-112, 2024 WL 3873418, at *4 (S.D. Ga. Aug. 19, 2024) (citation omitted). Defendant argues Plaintiff's discrimination claim fails because she does not tie her shift transfer to her race or national origin, working later than other coworkers does not qualify as an adverse action, and she does not provide facts showing Defendant could be held liable for her coworkers' actions. (Doc. 7-1, at 7-9.)

Here, Plaintiff's general allegations of unequal terms and conditions of employment do not rise to the level required to sufficiently allege intentional race discrimination. Plaintiff states she was transferred to a heavy labor shift, picked on by coworkers, asked to clean her coworkers' workstations, and denied her transfer request, but she fails to show facts tying these actions to a racially discriminatory source. (Doc. 1, at 5.) Plaintiff does not provide background information on the

5

circumstances of these events such as her race, context of her transfer and transfer denial, details of interactions she had with supervisors, if any, or other facts that suggest racial discrimination or unfair terms of employment.

Further, Defendant correctly argues the allegation that Plaintiff was "picked on" by coworkers is not considered an adverse employment action, as there are no facts indicating Defendant knew of these instances or made any decisions about Plaintiff pursuant to the actions of her coworkers. (Doc. 7-1, at 8-9.); Gregg v. McDonough, No. CV422-144, 2023 WL 2825332, at *11 (S.D. Ga. Feb. 9, 2023). Plaintiff stated she did not bring up these issues with her direct supervisor, and no other facts in the complaint show whether decisionmakers in the company were even aware of the situation. (Doc. 1, at 11.)

Defendant asserts that requiring an employee to perform additional tasks, or different tasks than expected, is not considered an adverse employment action. (Doc. 7-1, at 8.); Gregg, 2023 WL 2825332, at *10. Plaintiff states she was "asked to stay behind and clean . . . the work station of [her] coworkers" and given "additional work assignments" from her regional supervisor, but does not provide facts beyond these assertions to suggest intentional race discrimination. (Doc. 1, at 5, 11.) This alone does not raise her claim above the speculative level. Twombly, 550 U.S. at 555. As such, Plaintiff's discrimination claim fails

to meet the Twombly and Iqbal standards, and does not provide enough factual matter, even when taken as true, to suggest intentional race discrimination. Thus, Defendant's motion to dismiss Plaintiff's discrimination claim is **GRANTED**.

### B. Retaliation Claim Under Title VII

Next, Defendant argues Plaintiff's retaliation claim is insufficiently pled and uses conclusory language. (Doc. 7-1, at 5-6.) The Court finds Plaintiff's complaint provides no facts to support a retaliation claim. (See Doc. 1.) The only mentions of retaliation in the complaint are a checked box for retaliation under discriminatory conduct and in Plaintiff's Charge of Discrimination, in which she states she was "subjected to retaliation for opposing unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964." (Id. at 4, 11.) This conclusory statement, without more, does not effectively state a claim upon which relief can be granted. A plaintiff's pleading obligation "requires more than labels and conclusions." Twombly, 550 U.S. at 555 (citation omitted). Therefore, Plaintiff's retaliation claim is insufficiently pled and Defendant's motion to dismiss is **GRANTED** on this claim.

### C. Hostile Work Environment Claim Under Title VII

Next, Defendant argues Plaintiff failed to allege facts severe or pervasive enough to establish a hostile work environment. (Doc. 7-1, at 9.) To establish a hostile work environment claim

7

under Title VII, Plaintiff must show (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the conditions of her employment; and (5) the employer was responsible for the hostile work environment. Copeland v. Ga. Dep't of Corr., 97 F.4th 766, 774-75 (11th Cir. 2024) (citations omitted).

Plaintiff alleges she belongs to a protected group based on her national origin (El Salvadorian), she was subject to harassment from her coworkers, and the harassment was based on a protected characteristic, her national origin, because she was picked on for her inability to speak English. (Doc. 1, at 5, 11.) The complaint does not point to any other instances of harassment. Defendant argues Plaintiff failed to provide facts on the final two elements: the harassment was sufficiently severe or pervasive to alter the conditions of her employment, and the employer was responsible for the hostile work environment. (Doc. 7-1, at 9-12.) Although Plaintiff lists physical and psychological conditions she allegedly experienced due to working conditions, she does not provide allegations on the severity or pervasiveness of the alleged harassment. (Doc. 1, at 6.) Additionally, because Plaintiff asserts she did not speak to her supervisor and no facts indicate she told any other employee about the alleged harassment, there are insufficient allegations that Defendant was responsible for

8

the hostile work environment. (Id. at 11.) It is unknown whether Defendant was ever aware of the interactions between Plaintiff and her coworkers. Accordingly, Plaintiff has not sufficiently pled her hostile work environment claim under Title VII; thus, Defendant's motion to dismiss this claim is **GRANTED**.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 7) is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of December, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA